**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

John Curtis Andersen,

Plaintiff,

v.

Christopher Scott, et al.,

Defendants.

Case No. 2:26-cv-02210-APG-BNW

**ORDER**

Pro se Plaintiff John Curtis Andersen brings this lawsuit against his former employer, which he identifies as “Christopher Scott/Camp Out,” alleging disability discrimination. He moves to proceed in forma pauperis. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. As a result, his request to proceed in forma pauperis will be granted. This Court now screens his complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

## I. ANALYSIS

### A. Screening Standard

Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must “contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.” *See Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Complaint**

Plaintiff alleges that he started working at Camp Out on May 5, 2025. ECF No. 1 at 3. When he was hired, he told Christopher Scott that he had a broken big toe on his left foot. *Id.* at 4. On September 22, Plaintiff was in pain and called to take the day off. *Id.* Scott told him that if he did not come to work, he would be fired. *Id.* Plaintiff went to work and, while lifting a tote full of nuts and bolts, suffered a hernia. *Id.* He alleges that Scott then fired him and did not pay him his last paycheck. *Id.* at 3.

He also describes a dispute over his unemployment benefits, which he says was decided against him based on written accusations—which he denies—that he had been drinking on September 22. *Id.* at 3–4. Plaintiff states that he still has trouble standing or carrying anything. *Id.* at 6. He brings a single claim for "Disability Discrimination" against Christopher Scott. *Id.*

Plaintiff also states that Scott "creates a hostile work environment" and that someone loosened the spokes on his dirt bike while it was parked outside the store. *Id.* at 5. He does not identify these as separate claims, and this Court construes the complaint as raising only the disability discrimination claim he lists. If Plaintiff intends to bring any other claim, he must identify it in an amended complaint and allege facts supporting each of its elements.

Even liberally construing the complaint, this Curt finds that Plaintiff does not state a claim for disability discrimination under the Americans with Disabilities Act (ADA). That is because he does not allege facts as to each element of that claim. Because it is not clear that these deficiencies cannot be cured by amendment, this Court will dismiss the complaint with leave to amend. This Court provides Plaintiff with the elements of the claim below so that he may allege facts as to each one.

**1. ADA Discrimination**

To state a colorable claim for disability discrimination under the ADA, Plaintiff must allege that he: (1) is a disabled person under the ADA; (2) is a qualified individual with a disability; and (3) suffered an adverse employment action because of his disability. *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017).

Plaintiff does not allege facts as to each of these elements.

First, Plaintiff does not allege sufficient facts showing that he is disabled under the ADA. The ADA defines a disability as, among other things, "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Major life activities include, among other things, standing, lifting, and working. *Id.* at § 12102(2)(A). Plaintiff alleges that he had a broken toe when he was hired and that he suffered a hernia on September 22. He also states that he has trouble standing or carrying things. But he does not allege facts about the nature, severity, or duration of these conditions, or about how they limited his ability to stand, lift, work, or perform other activities while he was

employed. Without those facts, this Court cannot determine whether Plaintiff had a disability within the meaning of the ADA.

Second, Plaintiff does not allege facts showing that he is a qualified individual with a disability—that is, that he could perform the essential functions of his job, with or without a reasonable accommodation. Plaintiff does not describe his position or its duties. And he alleges that after he was hurt on September 22, he "could no longer continue working."

Third, Plaintiff does not allege facts showing that he suffered an adverse employment action because of his disability. Plaintiff alleges that Scott fired him, but he does not allege when he was fired, what Scott said or did in connection with the termination, or any other facts connecting the termination to his toe injury or hernia. The complaint suggests that, at least in the unemployment proceedings, Plaintiff's employer relied on a different reason—an accusation that Plaintiff had been drinking on September 22, which Plaintiff denies. And Plaintiff's allegation that Scott told him he would be fired if he did not come to work that day, does not, without more, show that the later termination was because of a disability.

**2. Proper Defendant**

Plaintiff names "Christopher Scott/Camp Out" as the defendant and directs his claim at Scott. Plaintiff is advised that Title I of the ADA does not allow claims against individual supervisors or coworkers; a claim for employment discrimination under the ADA must be brought against the employer. *See Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006). If Plaintiff files an amended complaint asserting this claim alone, he should name his employer as the defendant.

**3. Instructions for Amendment**

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2).

Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of his claims against them and of his entitlement to relief.

In addition, Plaintiff must look at the elements of his ADA claim closely and allege facts as to each of them. In particular, he should allege facts about his medical condition and how it limits him, the duties of his job and whether he could perform them with or without an accommodation, and why he believes he was fired because of his condition. Should he not allege facts as to each of the different elements, his claim will be dismissed.

Lastly, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. This Court cannot refer to a prior pleading or other documents to make his amended complaint complete.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed in forma pauperis (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that the deadline to file an amended complaint is November 25, 2026. Failure to file an amended complaint by that deadline may result in a recommendation that this case be dismissed.

DATED: October 27, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE